**JAMES R. FROCCARO, JR.**
Attorney at Law
20 Vanderventer Avenue, Suite 103W
Port Washington, NY 11050
telephone: (516) 944-5062
fax: (516) 944-5066
email: JRFESQ61@aol.com

July 19, 2012

BY ECF
Hon. Sandra L. Townes
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                Re:  United States v. Afrim Kupa
                     11 Cr 345 (SLT)

Dear Judge Townes:

     By a letter dated May 16, 2012 (ECF Document 76), the government provided Your Honor with additional argument in opposition to Mr. Kupa's suppression motion where none was invited by this Court.  Thus, requiring me to file a very brief reply (ECF Document 77).

     During our last appearance before this Court on July 6, 2012, the parties were directed by Your Honor to provide a written submission with respect to a single and discreet issue.  Namely, the impact, if any, on the remaining probable cause assessment, of additional portions of the June 28, 2011, recording provided by the government to Your Honor.  Because as Your Honor explained, "I need to know.  I mean, it makes a difference."  See Transcript at page 7.  Indeed, the following exchange took place between Your Honor and I on this directive in the presence of

the government:

> MR. FROCCARO: ...it's going to be limited to that, so the government won't get a whole full blown - it's limited to that one discreet issue?
>
> THE COURT: Yes.

<u>See</u> Transcript at page 8.

    Today, I had an opportunity to review the written submission provided by the government to Your Honor which was filed late yesterday, but dated July 17, 2012. It is the functional equivalent of a full blown brief purporting to address, yet again, all of the issues. While I obeyed Your Honor's specific directive to only address the impact, if any, of the additional portions of the June 28, 2011, recording on the remaining probable cause assessment, the government ignored Your Honor instructions.[1] The government's letter dated July 17 smacks of desperation, and requires only a brief reply set forth below.

    Without the misstatement in the excerpt of the only portion of the July 28, 2011, consensual recording provided to the issuing Magistrate, there was no corroboration for the conclusions otherwise made by the then unsigned CW about Mr. Kupa within the four corners of supporting

---

[1] As I explained to Your Honor in connection with my written submission dated July 18, 2012, the only portion of any June 28, 2011, conversation, consensual or otherwise, placed before the issuing Magistrate for his consideration was the short excerpt containing the material mis-statement about the word "coke" being overheard in the supporting Affidavit.

Affidavit.[2]  And, the warrant was, thus, lacking in probable cause to invade the sanctity of Mr. Kupa's home.

　　Two of the cases cited by Your Honor during our last appearance are shining examples of what was needed, but is lacking here.  See United States v. Klump, 536 F.3d 113, 120 (2d. Cir. 2008) (Search upheld where none of the alleged misstatements in the affidavit submitted in support of the search drew the reasonableness of the initial warrantless entry of the premises by law enforcement into question.  That entry led to the plain-sight discovery of a handgun and large amounts of marijuana.  The discovery was described in the affidavit and was sufficient, by itself, regardless of the misstatements alleged by defendant Klump to support a finding of probable cause to search the warehouse further.); see also, United States v. Canfield, 212 F.3d 713, 720-21 (2d Cir. 2000) (Corrected affidavit supports probable cause to search where sufficient corroboration existed.  CI-1's statements regarding Canfield's movements and drug activity were corroborated by Det. Thorpe and CI-2.)

　　In sum, the motion to suppress the search of Mr. Kupa's home should be granted.

　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　/JRF/

　　　　　　　　　　　　James R. Froccaro, Jr.


JRF:tp

---

　　[2] Interestingly, paragraph 10 of the supporting Affidavit also contains a conclusion by the CW about Mr. Kupa.  Namely, that the CW told the government that during a consensually recorded conversation he had with Mr. Sclafani on June 27, 2011, Mr. Sclafani allegedly told him that "he [Sclafani] intended to bring one kilogram of cocaine" to Mr. Kupa's residence to "re-rock."  But, of course, this statement is not on the actual recording.